### No. 81
### WIDNER v. STATE

Ohio Supreme Court
No. 17863. Decided Jan. 15, 1924
To Appear in —— OS. Reports

1105. STATUTES—Construction of the be reasonable— Words "at a target" in 12635 GC. qualifies both "shooting" and "firing."
For complete syllabus of this case, see ante 2 Abs., No. 4, Page 65

WANAMAKER, J.
#### Epitomized Opinion
##### First Publication of this Opinion

Widner was found guilty in the Alliance Municipal Court, upon an affidavit charging him with unlawfully discharging firearms in the said city, alleged to be a violation of 12635 GC. which provides a penalty on "whoever runs a horse or shoots or fires a gun or pistol at a target," etc. Widner is the owner of a small tract of land in Alliance upon which he attempted to raise goldfish by the construction of a number of artificial ponds. The kingfishers preyed upon the goldfish he was raising. He discharged his gun at them to kill or frighten them away, for the purpose of saving his property.

The court below held that such facts constituted an offense under this statute.

The Supreme Court held, in deciding the case, that the gun must be aimed at the target. It defined a target as a mark fixed at which aim is taken with a gun or other weapon. It said that no one would think of calling a bird flying in the air a target and the statute had no such purpose. If a bird in the air could be held to be a target, then anything at which aim was taken could be called a target, and the language "at a target" would be unnecessary.

In 1831, when the statute was enacted, horse racing and shooting at a target for a prize was very common sport, and to avoid dangers from it the acts were forbidden except beyond municipal limits. The original form of the statute, when first adopted, did not include the word "pistol." The contention of the state is that the meaning of the statute is as if a comma was inserted after the word "shoots" and that the words "at a target" qualify only the phrase "or fires a gun or pistol."

The Supreme Court held that if the contention of the state is sound, then the simple statement in the statute, to the effect that "whoever shoots a gun or pistol within a municipal corporation" is all the language that is needed, because it is all the language that is to be given in popular or legal effect. The

presumption is that the Legislature put the words "at a target" in the statute to be applied in the usual and ordinary sense, and to qualitfy all that went before, just as in the statute relating to frauds, where it very often concludes "with intent to defraud," which qualifies all that precedes it.

Surely and sanely it must be admitted that "at a target" qualifies the word "pistol." With equal reason it must be conceded that it qualifies likewise the word "gun," before the word "pistol." But the gun or pistol in themselves do not constitute an offense, it is the firing at the target that does. The word "or" between gun and pistol does not cut off "at a target" from modifying "shoots."

The state must prove the unlawfulness of the shooting by evidence showing that it was at a target, and there is no proof whatever herein to show that the shooting was done at a target, unless a flying bird may, by forced, strained, and unnatural construction, be claimed to be a target.

This section of the statutes is under the head of "Immoral Practices," and that in itself suggests that there must be contemplated by the statute some species of criminality, immorality or wrong to be prohibited.

Upon the charge and the evidency it clearly does not appear that any wrong, moral or legal, was committed by Widner; nor that he was guilty of an offense against the laws of man or God. The judgments of the courts below are reversed, and final judgment rendered in favor of the plaintiff in error.

Marshall, C. J., Robinson, Matthias and Allen, JJ., concur; Jones and Day dissent from proposition 3 of the syllabus (as to what the words "at a target" qualify).

Attorneys—Emmons and Emmons, for Widner; Curtis M. Shetler, Sol., for State; all of Alliance.